IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIGID LEWIS, JENNY BOLIN and                                              PLAINTIFFS
SKYLAR MANN, Each Individually and on
Behalf of All Others Similarly Situated

vs.                                  No. 5:20-cv-5038-PKH

SHINE SOLAR, LLC, CALEB GORDEN                                             DEFENDANTS
and THOMAS LOWDEN

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Brigid Lewis, Jenny Bolin and Skylar Mann (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Shine Solar, LLC, Caleb Gorden and Thomas Lowden (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked over forty (40) each week.

2. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas, operating and managing a solar panel installation business in Benton County.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. Plaintiffs were employed by Defendant at its office located in the Fayetteville Division of the Western District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

8. Plaintiff Brigid Lewis ("Lewis") is a citizen of the United States and a resident and domiciliary of Benton County.

9. Lewis was employed by Defendant as a salaried employee from October of 2017 until January of 2020.

10. Plaintiff Jenny Bolin ("Bolin") is a citizen of the United States and a resident and domiciliary of Benton County.

11. Bolin was employed by Defendant as a salaried employee from July of 2019 until January of 2020.

12. Plaintiff Skylar Mann ("Mann") is a citizen of the United States and a resident and domiciliary of Washington County.

13. Mann was employed by Defendant as a salaried employee from September of 2016 until December of 2019.

14. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

15. Separate Defendant Shine Solar, LLC ("Shine Solar") is a domestic limited liability company.

16. Shine Solar's registered agent for service is Ronald A. Williams at 4201 W. New Hope Road, Suite 202, Rogers, Arkansas 72758.

17. Separate Defendant Caleb Gorden ("Gorden") is an individual and resident and domiciliary of Arkansas.

18. Gorden is an owner, principal, officer and/or director of Shine Solar.

19. Separate Defendant Thomas Lowden ("Lowden") is an individual and resident and domiciliary of Arkansas.

20. Lowden is an owner, principal, officer and/or director of Shine Solar.

21. Gorden and Lowden jointly manage and control the day-to-day operations of Shine Solar, including but not limited to the decision to not pay Plaintiffs and similarly situated employees a sufficient premium for hours worked in excess of forty (40) per week.

22. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24. During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

25. Defendants were Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

### III. FACTUAL ALLEGATIONS

26. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

27. At all relevant times herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

28. At all times material herein, Plaintiffs and similarly situated employees have been misclassified by Defendant as a salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

29. At all relevant times herein, Defendant directly hired Plaintiffs and similarly situated employees to work in its offices, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

30. From October of 2017 until December of 2018, Lewis worked for Defendant as a salaried Office Assistant.

31. As an Office Assistant, Lewis helped with administrative tasks and did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight, nor did she exercise independent judgment as to matters of significance.

32. As an Office Assistant, Lewis occasionally worked over forty hours per week.

33. Defendant failed to pay Lewis an overtime premium for hours worked over forty in a week.

34. From September of 2016 until September of 2019, Mann worked in turn as a Executive Assistant, Customer Service Manager, and Finance Manager. In each of these roles, Mann was paid a salary, and did not have the authority to hire or fire any other employee, nor were her recommendations for

hiring or firing given particular weight, nor did she exercise independent judgment as to matters of significance.

35. Between September of 2016 and September of 2019, Mann regularly worked over forty hours per week.

36. Defendant failed to pay Mann an overtime premium for hours worked over forty in a week.

37. From December of 2018 until January of 2020, Lewis worked for Defendant as a salaried Project Coordinator.

38. From July of 2019 until January of 2020, Bolin worked for Defendant as a salaried Project Coordinator.

39. From September of 2019 until December of 2019, Mann worked for Defendant as a salaried Project Coordinator.

40. As Project Coordinators, Plaintiffs were responsible for tracking various stages of installs, completing paperwork, and supporting salespeople.

41. Plaintiffs and other Project Coordinators regularly worked over forty hours each week.

42. As Project Coordinators, Plaintiffs did not have the authority to hire or fire any other employee.

43. Plaintiffs and other Project Coordinators were not asked to provide input as to which employees should be hired or fired.

44. At all relevant times herein, Defendants have deprived Plaintiffs and all other similarly situated Project Coordinators of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

45. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked in excess of forty per week;

    B.    Liquidated damages; and

    C.    The costs of this action, including attorney's fees.

48. Plaintiffs propose the following collective under the FLSA:

**All salaried Project Coordinators who worked more than forty hours in any week in the past three years.**

49. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The proposed FLSA collective members are similarly situated in that they share these traits:

52. They were misclassified as salaried employees;

53. They were not paid proper overtime wages as required by the FLSA;

54. They worked more than 40 hours in some weeks; and

55. They had substantially similar job duties, requirements, and pay provisions.

56. Plaintiffs are unable to state the exact number of the class but believe that there are approximately ten (10) other employees who worked as Project Coordinators and were misclassified as salaried employees.

57. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Project Coordinators.

58. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim

## V.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

53. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI.   SECOND CAUSE OF ACTION
### (Individual Claims for Violation of AMWA)

55. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

57. At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. At all times relevant to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the AMWA.

60. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

61. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### VII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

65. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66. At all times relevant to this Complaint, Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

68. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Brigid Lewis, Jenny Bolin and Skylar Mann, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   That Defendants be required to account to Plaintiffs, the collective members, and the Court for all monies paid to Plaintiffs and the collective members;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D.   A declaratory judgment that Defendant's practices alleged herein violate the AMWA;

E.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

F.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

G.   Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

H.   Judgment for liquidated damages pursuant to the FLSA;

I.  Judgment for liquidated damages pursuant to the AMWA;

J.  An order directing Defendants to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action;

K.  For a reasonable attorney's fee, costs, and pre-judgment interest; and

L.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRIGID LEWIS, JENNY BOLIN and SKYLAR MANN, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com