UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIGID LEWS, JENNY BOLIN, and
SKYLAR MANN, individually
and on behalf of all others similarly
situated                                                                                               PLAINTIFFS

v.                                      No. 5:20-CV-05038

SHINE SOLAR, LLC, CALEB GORDEN,
and THOMAS LOWDEN                                                                  DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiffs Brigid Lewis, Jenny Bolin, and Skylar Mann's motion (Doc. 13) for conditional certification, brief in support (Doc. 14), and other supporting documents. Defendants filed a response (Doc. 15) opposing the proposed notice but not opposing conditional certification at this stage. For the reasons set forth below, Plaintiffs' motion will be granted as stated herein.

**I.      Background**

Plaintiffs seek conditional certification to provide notice to all former and current Project Coordinators for Defendants Shine Solar, LLC, Caleb Gorden, and Thomas Lowden. According to Plaintiffs, Defendants provide residential and commercial solar panel sales and installation. Defendants employ Project Coordinators to "trac[k] various stages of solar panel installation, complet[e] paperwork relating to those stages, respon[d] to customer requests pursuant to company protocol and support[] salespeople." (Doc. 14, pp. 8-9). Plaintiffs contend that Project Coordinators were regularly required to work over forty hours per week but were not paid proper overtime wages because they were misclassified as salaried employees exempt from overtime. Plaintiffs allege Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

1

(the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA"). Plaintiffs seek conditional certification of their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), approval of authorization to issue notice to putative class members, disclosure of contact information, and approval of the proposed notice and consent-to-join forms.

## II.   Discussion

### A.   Conditional Certification

"The FLSA allows named plaintiffs to sue [their employer] 'for and in behalf of . . . themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)). This type of suit—a collective action—is distinguishable from a class action certified under Federal Rule of Civil Procedure 23, as it requires that plaintiffs use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23. *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975). The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "The court has a responsibility to avoid the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs, but the district court should, in appropriate cases, exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d at 890 (N.D. Iowa 2008) (internal quotations omitted) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991); *Hoffman-La Roche*, 493 U.S. at 169).

Ultimately, certification of a collective action will depend on whether the named plaintiffs are similarly situated to the putative class. The Supreme Court has hinted that the rules for joining

similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a). *See Epic Systems Corp. v. Lewis*, -- U.S. --, 138 S.Ct. 1612, 1636 n.3 (2018) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact). Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate. *Davenport v. Charter Comms., LLC*, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015). District courts within the Eighth Circuit have historically utilized a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). The Court will follow the two-stage approach because, if satisfied, it demonstrates that Plaintiff's claims and the claims of the putative class involve the same transaction or occurrence and common questions of law and fact.

Under the two-stage approach to certifying a collective action, when named plaintiffs move for certification of a collective action—typically early in the discovery process—a court considers whether plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Resendiz-Ramirez*, 515 F.

Supp. 2d at 941. While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quotations omitted). Some factors that may be considered by district courts making this determination include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *See Watson v. Surf-Frac Wellhead Equip. Co.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012). If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the action proceeds as a representative action. *Croft v. Protomotive, Inc.*, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013) (citing *Resendiz-Ramirez*, 515 F. Supp. 2d at 940)).

Defendants, recognizing the lenient standard of conditional certification, do not object to conditional certification. Plaintiffs' affidavits state Defendants did not provide overtime compensation for Project Coordinators because Project Coordinators received a salary. These affidavits are based on Plaintiffs' personal knowledge derived from their employment as Project Coordinators and interactions with other Project Coordinators. The decision to certify a class is typically determined "based solely on the affidavits presented by plaintiffs." *See Buford v. Superior Energy Servs., LLC*, 2018 WL 6441097, at *4 (E.D. Ark. June 1, 2018) (internal citations and quotations omitted). Plaintiffs have presented sufficient evidence of a similarly situated class based on their personal knowledge. *See Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183, 202 (E.D.N.Y 2015) (finding the "focus of the court's inquiry is not on the defendant's evidence,

4

but on whether the plaintiffs have made their requisite showing").

Considering the factors listed above, the Court finds Plaintiffs have met their burden to demonstrate that they are similarly situated to other putative class members. Plaintiffs' affidavits state Project Coordinators did not have authority to hire or fire employees, no weight was given to their hiring or firing recommendations, they did not manage or supervise employees, and they did not exercise independent judgment as to matters of significance. As a result, Plaintiffs allege they and other putative class members were misclassified as salaried employees and did not receive overtime compensation. Plaintiffs have met their burden of establishing that they are similarly situated to other Project Coordinators and have made factual allegations supporting his claim of FLSA violations for overtime compensation. Accordingly, the Court will conditionally certify this action.

Regarding the class definition, Plaintiffs request the Court conditionally certify and approve notice for the following class: "all project coordinators or similar positions who worked more than forty (40) hours in any week in the three years preceding the filing of Plaintiffs' complaint." Defendants object to this definition because the definition includes "similar positions" but does not define "similar positions." As Defendants note, only the proposed notice (Doc. 13-1) contains the "or similar positions" language while the proposed consent (Doc. 13-2) and proposed electronic consent (Doc. 13-4) only mention Project Coordinators. The Court finds that "similar positions" is ambiguous and likely to create confusion, and therefore should be eliminated from the proposed class definition. Defendants also argue because the class definition includes Project Coordinators who worked for Defendants within three years, the definition should be changed to "All Project Coordinators who worked more than forty (40) hours in any week in the three years preceding the filing of the Plaintiffs' Complaint and *whom allege Shine Solar, LLC*

*willfully violated the Fair Labor Standards Act and the Arkansas Minimum Wage Act*." (Doc. 15, p. 2) (emphasis added). However, it is not necessary to include a statement that Defendants acted willfully and the Court will address time-barred claims when opt-in plaintiffs join the litigation. *See Cruthis v. Vision's*, No. 4:12-cv-244-KGB, 2013 WL 4028523, at *5 (E.D. Ark. Aug. 7, 2013) ("At this stage in the litigation, judicial economy is served by conditionally certifying a larger, more inclusive class."); *Cummings v. Bost, Inc.*, No. 2:14-cv-2090, 2015 WL 13655466, at *6 (W.D. Ark. Apr. 13, 2015) ("The Court will address opt-in plaintiffs with time-barred claims if and when they join the litigation."). Therefore, the class definition will be "All Project Coordinators who worked more than forty (40) hours in any week in the three years preceding the filing of Plaintiffs' Complaint."

**B.     Form of Notice and Consent-to-Join**

Plaintiff has submitted a proposed notice, a consent to join, and a second notice of right to join (to be sent to non-responding class members 30 days after the initial notice is sent). Defendants object to certain aspects of these documents and propose certain changes. The Court will address each objection and proposal in turn.

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche,* 493 U.S. at 170. The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172. A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). When determining the details, the Court is "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing

expedition or imposing undue burdens on the defendants." *Diaz v. N.Y. Paving Inc.*, 340 F.Supp.3d 372, 386 (S.D.N.Y. 2018) (internal alterations and citation omitted).  Just as it is not the purpose of notice to solicit participation in litigation, it is not the purpose of notice to discourage participation.

Defendants argue the notice should inform potential class members that they have the right to contact Shine Solar's counsel and attempt to negotiate an individual settlement.  The proposed notice already states potential opt-in plaintiffs have the right to hire their own attorney and pursue their own potential claims individually.  The Court finds the notice sufficiently informed potential opt-in plaintiffs that they do not have to join the class.  It is not necessary for the notice to contain an explanation of every option available to potential class members.

Defendants further argue the notice should make potential class members aware of "all potential benefits and all potential risks associated with their participation."  (Doc. 15, p. 7). Specifically, Defendants argue potential class members should be aware of the potential for costs to be assessed against them.  The Court finds this warning is not necessary to ensure informed consent because the possibility of an opt-in plaintiff becoming liable for costs is speculative and the Court has discretion in awarding costs. *See Harrison v. Hog Taxi, LLC*, 5:19-CV-05025, 2019 WL 4280328, at *5 (W.D. Ark. Sept. 10, 2019).  Defendants also argue the notice should include a statement that any award potential class members receive would be considered wages and will be assessed for the year the money is received.  The Court finds a disclaimer regarding taxes is not necessary for a potential opt-in plaintiff to give informed consent.

Defendants request paragraphs 10 and 11 of the notice be rewritten because the paragraphs contain extraneous legal advice about what potential class members should do if they feel they have been subject to retaliation.  Defendants argue the paragraphs should only inform potential

class members that retaliation is prohibited and that they can sign the consent form even if they have a release agreement. Paragraph 10 as written informs potential class members that if they take part in this case, retaliation is prohibited and directs potential class members to contact their attorney if they believe they have been retaliated against. The Court finds paragraph 10 does not provide extraneous legal advice and approves the language contained in paragraph 10. Paragraph 11 as written informs potential class members that they may still join this suit even if they signed a severance agreement. This paragraph does not offer any opinions about the effect of a severance agreement and makes it clear that the impact of the severance agreement "is an issue to be decided by the Court." (Doc. 13-1, p. 3, ¶ 11). Paragraph 11's purpose is to inform potential class members that despite the existence of a severance agreement, they can still join the suit at this stage in the litigation and paragraph 11 as proposed by Plaintiffs will be approved.

Paragraph 3 of the notice should be changed to reflect the class definition as defined above. The "**TO**" section of the notice should also be amended to correct the date from February 27, 2020, to February 27, 2017. The remainder of the notice should remain as proposed. The second notice should be changed to read as follows:

> On _____ _____, 2020, you were sent a **Notice of Right to Join Lawsuit** informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff. You are being sent this second notice because you must join the lawsuit if you want to become a member of the class. If you did not receive the first Notice and would like a copy, please contact Plaintiffs' attorney listed below. <u>If you already sent a Consent, it has not been received</u>. The consent must be received by _____ _____, __2020.

**C.     Dissemination of Notice and Requests for Information**

Plaintiffs have also requested notice be made through U.S. Mail and email, and a follow-up reminder postcard be sent by U.S. mail. Plaintiffs further request Defendants post a copy of the notice in a location where Defendants post government-required notices. The Court will grant

the request to provide notice through U.S. Mail and email and to require Defendants to post the notice in a physical location.  The Court will also grant Plaintiffs' request to send a second notice of right to join lawsuit via U.S. Mail.

Plaintiffs request sending notice through email in addition to U.S. Mail because of the problems that occur when notice is sent by U.S. Mail.  The proposed email notice provides potential class members with a way to sign the consent to join electronically.  Defendants oppose notice by email because signing electronically is not permitted by the FLSA, there is a potential for fraud, and because of the small number of potential class members. "Electronic communication is commonly utilized and is an appropriate, convenient, and efficient manner of communication with potential plaintiffs in FLSA actions." *Middleton v. Hempstead Cty, Ark.*, Case No. 4:18-cv-4112, 2019 WL 3948106, at *4 (W.D. Ark. Aug. 21, 2019).  Although Plaintiffs did not adequately put forth facts specific to this case, due in part to delivery slowdowns currently affecting the United States Postal Service, the Court finds that it is reasonable to permit Plaintiffs to send notice through email.  *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("This has become a much more mobile society with one's email address and cellphone number serving as the most consistent and reliable method of communication.").  Plaintiffs' request for potential opt-in plaintiffs to sign the consent electronically will also be granted.  *Adkinson v. Tiger Eye Pizza, LLC*, Case No. 4:19-CV-4007, 2019 WL 5213957, at *9 (E.D. Ark. Oct. 16, 2019) ("The FLSA does not contain a physical signature requirement but, rather, requires only that opt-in consent be 'in writing.'" (internal citation omitted)).

Plaintiffs' request that Defendants be required to post the notice in a conspicuous location at their facilities.  Defendants argue they should not be required to post the notice because there are only a small number of potential class members currently working for Defendants and there is

9

no reason they cannot be notified through U.S. Mail.  However, "courts routinely approve request to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice."  *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277-78 (S.D. Iowa 2011); *Cruthis v. Vision's*, 2013 WL 4028523, at *8 (E.D. Ark. Aug. 7, 2013).  There is no satisfactory reason given not to do so in this case.

Plaintiffs request that the Court order Defendants to provide them with a list of the names, last known mailing addresses, email addresses, and phone numbers for all potential plaintiffs within the class definition.  Defendants object to the request for information to the extent that they should not be required to determine who are potential opt-in plaintiffs.  The Court will grant Plaintiffs' request.  *See e.g., Melgar v. O.K. Foods, Inc.*, 2015 WL 1470092, at *2 (W.D. Ark. March 31, 2015) ("The Court hereby directs Defendants to provide Plaintiffs' counsel with a complete electronic list of putative class members, together with their current or last known address, phone number, and email address.").  Defendants are not required to determine who are potential plaintiffs, but instead they must provide the contact information for those current and former employees who work or worked in the Project Coordinator position during the period set out the class definition.

Plaintiffs propose a follow-up postcard to be sent via U.S. Mail 30 days after mailing the notice.  Defendants object to the postcard because it does not contain all the language found in the original notice, gives an impression that potential class plaintiffs are doing something wrong by not joining, and Plaintiffs can easily track delivery of the notice.  There is no clear precedent in the Eighth Circuit on the propriety of reminder or follow-up notices.  Furthermore, district courts in various circuits are split on the issue.  *Knispel v. Chrysler Grp. LLC*, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012) (denying request for reminder notice on the basis that it "could

potentially be interpreted as encouragement by the Court to join the lawsuit."); *Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011) (approving reminder notice to be sent 45 days after initial notice). However, some district courts in the Eighth Circuit have granted plaintiffs' requests for reminder notices conditioned on the inclusion of disclaimer language. *See Jordan v. RHD, JR, Inc.*, Case No. 2:16-CV-02227, 2017 WL 10128906, at *4 (W.D. Ark. Feb. 17, 2017); *Jennings v. Cellco P'ship*, 2012 WL 2568146, at *6 (D. Minn. July 2, 2012) ("Plaintiffs' counsel may also send one reminder letter during this 90–day notice period with the following language added to the proposed letter provided by Plaintiff: 'This Notice Serves to Notify You of This Pending Lawsuit. The Court Does Not Encourage or Discourage Participation In This Case.'"); *Holliday v. J S Exp. Inc.*, 2013 WL 2395333, at *9 (E.D. Mo. May 30, 2013) (approving a reminder notice provided that it contain "a disclaimer that the Court does not encourage or discourage participation in the case."). The Court finds that the request to use a reminder postcard notice should be granted subject to a disclaimer that "the Court neither encourages nor discourages participation in this lawsuit," and that the title of the postcard be changed from "Second Notice of Right to Join Lawsuit" to "Reminder of Right to Join Lawsuit." The disclaimer will ensure the putative class members are informed of the Court's neutrality on the matter and rephrasing the title of the postcard will only improve its accuracy.

Plaintiffs also request the deadline to file opt-in plaintiff's consent-to-join forms be set no earlier than 90 days after Defendants provide the putative members' contact information. Defendants object to the 90-day period and request a 30-day period because of the small number of potential class members and a 90-day period may necessitate a continuance of the trial date. The Court finds that a 60-day opt-in period is sufficient and will serve the interests of efficiently facilitating notice without further delaying the litigation. Therefore, a 60-day opt-in period is

appropriate and will be authorized.

**III. Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' motion for conditional certification of a collective action and approval of notice is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all current and former Project Coordinators employed by Shine Solar, LLC, Caleb Gordan, and Thomas Lowden at any time after February 27, 2020. Within 10 days after receiving contact information for potential opt-in plaintiffs, Plaintiffs must prepare and distribute notice to all putative plaintiffs as allowed by this order. Plaintiffs must file any opt-in plaintiffs' signed consent-to-join forms with the Court within 60 days after receiving the contact information of potential opt-in plaintiffs.

- Defendants must provide the names, mailing addresses, email addresses, phone numbers, and dates employed of all putative members of the collective action. Defendants may provide this information in any reasonable format. **Defendants have until August 28, 2020, to deliver the contact information to Plaintiffs.**

- Plaintiffs' proposed notice and consent-to-join forms are approved in accordance to the changes above.

- Defendants are directed to post a copy of the notice in a conspicuous location at their facilities in an employee common area or where other notices of employee rights are posted.

IT IS SO ORDERED this 18 day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE