UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIGID LEWIS, et al., Individually and
on behalf of all others similarly situated,                                                    PLAINTIFFS

v.                                          No. 5:20-CV-05038

SHINE SOLAR, LLC, et al.                                                                        DEFENDANTS

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion (Doc. 19) for leave to file a first amended complaint. Defendants filed a response (Doc. 20) in opposition. Also pending is a motion (Doc. 21) to extend deadlines. The motion for leave to amend will be denied. The motion to extend deadlines will be granted, and an amended final scheduling order will be entered separately.

This is a conditionally-certified FLSA collective action. Plaintiffs and putative members of the collective action are former or current project coordinators who worked for Defendants and who allege that they were misclassified as salaried employees and did not receive overtime compensation for weekly hours worked in excess of forty. The proposed amended complaint (Doc. 19-1) would add two additional named Plaintiffs who cannot be members of the collective action because they were not employed as project coordinators, but who allege that Defendants also misclassified them as salaried employees.

Federal Rule of Civil Procedure 15 controls amendment of pleadings. If a timely motion to amend a complaint is filed, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny a motion to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

Leave to amend will be denied here because there has been no showing that the proposed Plaintiffs may be joined in this action. Amendment would either be futile or would result in a situation similar enough to futility to justify denial on that basis. The proposed Plaintiffs cannot opt in to the collective action as conditionally certified, they are not parties required to be joined under Rule 19, and there has been no showing that they may be permissively joined under Rule 20(a)(1) or are otherwise similarly situated for FLSA purposes. The response in opposition states that the proposed Plaintiffs are classified under different exemptions from the named Plaintiffs and collective action members, and also from one another. There is no indication that any common question of law or fact exists between the proposed Plaintiffs and named Plaintiffs, and any FLSA claim each proposed Plaintiff has appears to arise out of a different transaction, occurrence, or series of transactions or occurrences from those transactions or occurrences affecting each named Plaintiff and member of the collective action.

Federal Rule of Civil Procedure 6 controls extensions of time, allowing the Court to extend deadlines "for good cause." Fed. R. Civ. P. 6(b)(1). The Court conditionally certified a collective action on August 18, 2020. Because the opt-in period for the collective action ends after the close of discovery and the deadline for motions, the present scheduling order denies the parties adequate time to conduct discovery relevant to any similarly situated Plaintiffs who join the collective action. As a result, it also denies the parties an opportunity to fully and fairly present any dispositive motions, and denies Defendants an opportunity to move for decertification of the collective action if evidence obtained during discovery provides a justifiable basis for Defendants to do so. Good cause exists to extend deadlines in the scheduling order.

IT IS THEREFORE ORDERED that the motion for leave to amend (Doc. 19) is DENIED.

IT IS FURTHER ORDERED that the motion to extend (Doc. 21) is GRANTED. An

amended scheduling order will be entered separately.

 IT IS SO ORDERED this 6th day of October, 2020.

              */s/ P. K. Holmes, III*
              P.K. HOLMES, III
              U.S. DISTRICT JUDGE